UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:   Sara M. Keenan,<br>              Debtor | Case No.: 20-14061-amc<br><br>Chapter 13 |
| Rushmore Loan Management Services, LLC as servicer for U.S. Bank Trust National Association, as Trustee of the LB-Cabana Series IV Trust,<br>Movant<br>v.<br><br>Sara M. Keenan<br>Dennis Keenan- Co-Debtor<br>Scott F. Waterman- Trustee,<br>              Respondents | Judge:  Ashely M. Chan |

**SETTLEMENT STIPULATION**

WHEREAS, on October 13, 2020, Sara M. Keenan (the "Debtor") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania;

WHEREAS, on August 1, 2022, Rushmore Loan Management Services, LLC as servicer for U.S. Bank Trust National Association, as Trustee of the LB-Cabana Series IV Trust (the "Movant") filed a Motion for Relief from Automatic Stay pursuant to 11 U.S.C. Section 362(a) (the "Motion") regarding the Property located at 8716 Macon Street, Philadelphia, PA 19152 (the "Property");

WHEREAS, Movant and Debtor are desirous of settling the dispute among and between themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among

counsel for Movant, by and through its attorneys, Friedman Vartolo, LLP, and Debtor, by and through his/her counsel, Brad J. Sadek, Esquire, as follows:

1. The parties hereby certify that the post-petition arrearage is **$5,379.47**, consisting of the following:

| | |
|---|---|
| Post-Petition Payments: | $1,605.96 – 12/19/2022 through 1/30/2023 at $401.49 bi-weekly |
| Motion Fees/Costs: | $1,238.00 |
| Suspense Balance: | ($98.51) |

**Total Post-Petition Arrears: $2,745.45**

2. Commencing on March 1, 2023, through and including July 1, 2023, Debtor shall tender monthly payments of $457.58 in addition to any regularly scheduled post-petition mortgage payments; and on August 1, 2023, Debtor shall tender a payment of $457.55 in addition to any regularly scheduled post-petition mortgage payment in order to cure the post-petition arrearage.

3. Commencing on February 20, 2023, Debtor shall resume making regular post-petition mortgage payments in the amount of $401.49 (bi-weekly).

4. Should Debtor fail to comply with any of the terms of this Stipulation, including but not limited to failure to make the above described payments, or any regular mortgage payment commencing after the cure of the post-petition arrearage, then Movant may send Debtor and counsel for Debtor a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of said notice, counsel for Movant may file a Certification of Default with the Court. Said Certification of Default may include a certification of Debtor's failure to pay subsequent payments that fall due after the date of the notice of default. Upon Certification, the Court shall enter an Order granting relief from the automatic stay as to the Property.

5. In the event that Debtor converts his/her case to Chapter 11, the terms of this Stipulation shall remain in full force and effect. In the event that Debtor converts his/her case to Chapter 7, Debtor shall cure all pre-petition and post-petition arrears within ten (10) days of the

date of conversion. Failure to cure the arrears shall constitute an event of default under this Stipulation and Movant may send a notice of default and certify default as set forth in the preceding paragraph.

6. The Debtor agrees that any Order granting relief from the automatic stay will include a waiver of Rule 4001(a)(3) and that Movant, its successors and/or assigns may act upon the Order immediately.

7. If the instant bankruptcy is dismissed, this Stipulation shall be void and shall not be binding upon the parties.

8. Attorney fees and costs for issuing a notice to cure, notice/certificate/affidavit of default, and order for relief are recoverable and may be added to the arrearage.

9. The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amount(s) not included in the instant Stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. Counsel for Debtor has authority to settle this matter on behalf of his/her client(s).

Date: March 27, 2023

/s/ Lauren M. Moyer

Lauren M. Moyer, Esquire
Friedman Vartolo, LLP
*Counsel for Creditor*

Date: 3/27/23

Brad J. Sadek, Esquires
*Counsel for Debtor*

Date: March 28, 2023

/s/ Ann E. Swartz, for

Scott F. Waterman, Trustee
*Chapter 13 Trustee*